ORIGINAL



FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 2 6 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MIRACLE-EAR, INC., a Minnesota corporation, and J.K.L. HEARING CENTER, INC., a Georgia corporation, ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. |
| v. ) ) | **1 05-CV 2233** |
| AUDIOCARE, INC., a California corporation, and ALPHA HEARING & SPEECH CENTERS, INC., D/B/A/ BETTER HEARING AID SERVICE, a Georgia corporation, ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. ) ) ) | **BBM** |

## COMPLAINT

Plaintiffs Miracle-Ear, Inc. ("Miracle-Ear") and J.K.L. Hearing Center, Inc.

("JKL"), for their Complaint against AudioCare, Inc. ("AudioCare") and Alpha

Hearing & Speech Centers, Inc. d/b/a Better Hearing Aid Service ("BHAS") state

and allege as follows:

## THE PARTIES

1.      Miracle-Ear is a Minnesota corporation with its principal place of

business at 5000 Cheshire Lane North, Plymouth, Minnesota 55446.  Miracle-Ear


COPY RECEIVED
Consent to US Mag.
Pretrial instructions
Rule VII N/S

has developed a business system for operating hearing aid stores and/or kiosks under the name "Miracle-Ear." Miracle-Ear grants franchises to operate Miracle-Ear businesses using this business system along with Miracle-Ear trademarks, service marks, slogans and logos.

2.      JKL is a Georgia Corporation with its principal place of business at 2201 Henderson Mill Road NE, Atlanta, GA 30345-2711. JKL is a Miracle-Ear franchisee in the business of offering for sale Miracle-Ear hearing aids, related products, audiological testing and related services. JKL's locations include 2201 Henderson Mill Road, Atlanta, Georgia 30345, 2100 Pleasant Hill Road, Duluth, Georgia 30096, and 237 John Morrow Parkway, Suite 1018, Gainesville, Georgia 30501.

3.      On information and belief, Defendant AudioCare is a California corporation with its principal place of business at 3455 Camino Del Rio S., San Diego, California 92116 and is in the business of organizing promotional events for individuals and entities that offer hearing aids and related products for sale and also performs promotional mailings.

4.      On information and belief, Defendant BHAS is a Georgia corporation with its principal place of business at 1854 Kanawha Drive, Stone Mountain,

2

Georgia 30087 and is in the business of selling hearing aids, related products and

services.

## JURISDICTION AND VENUE

5.     This is an action for trademark infringement, deceptive trade

practices, false advertising, unfair competition, and dilution arising under the

trademark laws of the United States, 15 U.S.C. § 1114 *et seq.*, the Georgia

Deceptive Trade Practices Act and the common law.

6.     The Court has jurisdiction under 28 U.S.C. § 1338(a) and (b), and

1367. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## MIRACLE-EAR'S TRADEMARK RIGHTS

7.     Miracle-Ear owns the registered trademarks and service marks nos.

1,695,936 ("'936 mark"), 1,350,956 ("'956 mark"), 638,121 ("'121 mark"),

1,350,955 ("'955 mark"), and 1,965,952 ("'952 mark") and owns common law

rights in the logo mark displaying a teal colored oval, the words Miracle-Ear, and

the stylized "ME" ("Logo Mark") (collectively referred to herein as the "Marks").

Miracle-Ear uses its Marks in connection with the business of selling hearing aid

products and services throughout the United States.

8.    Miracle-Ear has used the '936 mark in connection with hearing aids since at least as early as May 1988.  Miracle-Ear has consistently and prominently used the '936 mark since that date to identify its hearing aid products worldwide.

9.    Miracle-Ear has used the '956 mark in connection with retail store services in the hearing aid industry since at least as early as December 1983.  Miracle-Ear has consistently and prominently used the '956 mark since that date to identify its retail store services worldwide.

10.    Miracle-Ear has used the '121 mark in connection with hearing aids since at least as early as June 1955.  Miracle-Ear has consistently and prominently used the '121 mark since that date to identify its hearing aid products worldwide.

11.    Miracle-Ear has used the '955 mark in connection with assisting others in establishing and operating hearing aid businesses since at least as early as December 1983.  Miracle-Ear has consistently and prominently used the '955 mark since that date to identify its hearing aid business services worldwide.

12.    Miracle-Ear has used the '952 mark in connection with hearing aids and related materials since at least as early as June 1994.  Miracle-Ear has consistently and prominently used the '952 mark since that date to identify its hearing aids and related materials worldwide.

4

13.    Miracle-Ear has used the Logo Mark in connection with hearing aids, related products, and hearing aid business services since at least as early as 2000. Miracle-Ear has consistently and prominently used the Logo Mark since that date to identify its hearing aid and related products as well as its hearing aid business services worldwide.

14.    Miracle-Ear only licenses or otherwise authorizes the use of the Marks to its franchisees and corporate stores.

15.    JKL is a Miracle-Ear franchisee in the greater Atlanta and Northern Georgia areas and has the exclusive right to sell Miracle-Ear products and related services in the territory defined by the Franchise Agreement dated March 31, 2004. JKL has the exclusive right to use the Marks in this territory to promote Miracle-Ear and its business.  Defendant BHAS' store is within the above-described territory.

16.    Due to Miracle-Ear's long-standing use of the Marks and the substantial investment Miracle-Ear has made in the Marks, consumers associate the Marks with Miracle-Ear.

17.    The Marks are distinctive and have acquired secondary meaning to consumers.

## DEFENDANTS' WRONGFUL ACTS

18.    Defendants are well-aware of the Marks. Five of the Marks are federally registered and are known throughout the hearing aid industry. The Logo Mark is also well known throughout the hearing aid industry.

19.    Defendant AudioCare has done work with Miracle-Ear's franchisees thereby exposing AudioCare to the Marks.

20.    Defendant BHAS's principal owner, Mr. Joe Stock, formerly was a Miracle-Ear franchisee, and as such, has been exposed to the Marks.

21.    Neither Defendant BHAS or Defendant AudioCare are Miracle-Ear franchisees nor are either of them otherwise authorized to offer for sale or sell Miracle-Ear products or services.

22.    Defendant BHAS contracted with Defendant AudioCare for distribution of over 11,500 mailers announcing a "clinic" wherein customers and potential customers were invited to come into BHAS' store on August 15, 16, and 17, 2005.

23.    One post card included in the mailer stated that at the clinic the first 30 individuals to respond would be able to try "quality Miracle-Ear hearing aids", also stated "call today", listed BHAS's phone number, and displayed the Marks. A copy of the mailed post card is attached hereto as Exhibit A.

6

24.     Upon information and belief, Defendant BHAS made appointments and saw potential customers who responded to the mailed post card that displayed the Marks and invited them to call for appointments.

25.     Upon information and belief, Defendant BHAS did not explain to most, if not all, of the customers that it does not and can not sell or otherwise disperse Miracle Ear's hearing aids.

26.     Upon information and belief, Defendants used the Marks deliberately with the intent to trade upon the good will associated with Miracle-Ear's products and services.

27.     The products sold by Defendant BHAS and marketed by Defendant AudioCare under the Marks are different from the Miracle-Ear products.

28.     In addition to infringement of the Marks, Defendants are making false claims in their promotional materials. In particular, Defendants falsely claim that BHAS offers Miracle-Ear products and services, which it does not and can not.

29.     Defendants' above-described conduct has damaged Plaintiffs' goodwill and reputation.

30.     Defendants' above-described conduct has caused Plaintiffs monetary damage.

31.     The foregoing allegations are incorporated in the claims below.

## COUNT I
## Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1125 (a)(1)

32.    Plaintiffs' restate and reallege Paragraphs 1-31 of the Complaint.

33.    Because Defendants do not and can not offer for sale or sell Miracle-Ear products and/or services, Defendants' use of the Marks has caused and is likely to continue to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

34.    Because Defendants do not and can not offer for sale or sell Miracle-Ear products and/or services, Defendants' unauthorized use of the Marks has caused and is likely to continue to cause confusion as to the affiliation, connection, or association between Miracle-Ear, its franchisee JKL, and Defendants.

35.    Defendants' use of the Marks infringes Miracle-Ear's trademark rights under the Lanham Act, 15 U.S.C., § 1125(a)(1).

36.    Upon information and belief, Defendants acted deliberately and willfully in an attempt to trade upon the goodwill associated with the Marks.

37.    Defendants' conduct has caused, is causing, and will continue to cause, irreparable harm to Plaintiffs unless it is enjoined by this Court.

38.    Plaintiffs have suffered, and will continue to suffer damages as a result of Defendants' actions in an amount to be proven at trial.

39.    The Court should further find that this is an exceptional case under 15 U.S.C. § 1117 and award Plaintiffs treble damages and attorneys' fees.

## COUNT II
## Violation of Georgia Deceptive Trade Practices Act

40.    Plaintiffs restate and reallege Paragraphs 1-39 of the Complaint.

41.    The Marks are trademarks as defined in O.C.G.A. § 10-1-371.

42.    Because Defendants do not and can not offer for sale or sell Miracle-Ear products and/or services, Defendants' use of the Marks is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

43.    Because Defendants do not and can not offer for sale or sell Miracle-Ear products and/or services, Defendants' use of the Marks is likely to cause confusion or misunderstanding as to any affiliation, connection, or association between Miracle-Ear, its franchisee JKL, and Defendants.

44.    Defendants' actions violate the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-371, *et seq.*

45.    Upon information and belief, Defendants have willfully engaged in the above-described trade practices, knowing them to be deceptive.

9

46.    As a result of Defendants' conduct, Plaintiffs are entitled to an injunction and attorneys' fees.

47.    As a result of Defendants' conduct, Plaintiffs have suffered monetary damages.

## COUNT III
## False Advertising Under Lanham Act

48.    Plaintiffs restate and reallege Paragraphs 1-47 of the Complaint.

49.    Defendants have made false and misleading statements of fact in their promotional materials – namely that BHAS is authorized to offer Miracle-Ear products and/or services for sale.

50.    Because Defendants do not and cannot offer for sale or sell Miracle-Ear products and/or services, Defendants' false and misleading statements have actually deceived a substantial segment of the audience for the advertisement, and continue to have the capacity to deceive such segment.

51.    Because Defendants do not and can not offer for sale or sell Miracle-Ear products and/or services, the deception caused by Defendants' false and misleading statements are material because they have influenced and are likely to influence purchasing decisions.

52.   Plaintiffs have been and will continue to be injured as a result of

Defendants' false claims because of a decline in sales and/or loss of goodwill.

53.   Upon information and belief, Defendants' goods have traveled in

interstate commerce.

54.   Plaintiffs are entitled to damages and attorneys' fees because of

Defendants' false advertising in an amount to be proven at trial.

## COUNT IV
## Unfair Competition

55.   Plaintiffs restate and reallege Paragraphs 1-54 of the Complaint.

56.   Because Defendants do not and can not offer for sale or sell Miracle-

Ear products and/or services, Defendants' use of the Marks has caused and is likely

to continue to cause confusion or misunderstanding as to the source or origin of

goods or services.

57.   Defendants' actions constitute unfair competition.

56.   Plaintiffs have been damaged as a result of Defendants' unfair

competition in an amount to be proven at trial.

## COUNT V
## Common Law Trademark Infringement

57.   Plaintiffs restate and reallege Paragraphs 1-56 of the Complaint.

58.     Because Defendants do not and can not offer for sale or sell Miracle-Ear products and/or services, Defendants' unauthorized use of the Logo Mark and the remaining Marks, has caused and is likely to continue to cause confusion as to the affiliation, connection, or association between Miracle-Ear and Defendants.

59.     Defendants' actions also misrepresent the origin of its goods and services because customers are likely to think that Defendants' goods and services originate with Miracle-Ear or are somehow provided through Miracle-Ear.

60.     Defendants' unauthorized use of the Logo Mark and the remaining Marks  infringes Miracle-Ear's common law trademark rights.

61.     Upon information and belief, Defendants acted deliberately and willfully in an attempt to trade upon the good will associated with the Logo Mark and the remaining Marks.

62.     Defendants' conduct is causing, and will continue to cause, irreparable harm to Plaintiffs unless it is enjoined by this Court.

63.     Plaintiffs have suffered damages as a result of Defendants' actions in an amount to be proven at trial.

## COUNT VI
## Dilution Under the Lanham Act, 15 U.S.C. § 1125(c)(1)

64.     Plaintiffs restate and reallege Paragraphs 1-63 of the Complaint.

12

65.    The Marks are famous in the hearing aid industry.

66.    People and businesses that buy hearing aids or hearing aid businesses associate the Marks exclusively with Miracle-Ear.

67.    Defendants began using the Marks after the Marks had already become famous.

68.    Defendants' use of the Marks dilutes the distinctive quality of the Marks to the detriment of Miracle-Ear.

69.    Plaintiffs are entitled to an injunction to stop Defendants from diluting the distinctive quality of the Marks under 15 U.S.C. § 1125(c)(1).

70.    Upon information and belief, Defendants willfully intended to trade on Miracle-Ear's reputation or to cause dilution of the Miracle-Ear mark.  Thus, Plaintiffs are entitled to damages under 15 U.S.C. § 1125(c)(2).

**WHEREFORE**, Plaintiffs ask the Court to:

1.    Enter judgment against Defendants in favor of Plaintiffs, in an amount to be proven at trial;

2.    Enter judgment against Defendants in favor of Plaintiffs trebling Plaintiffs' damages on account of Defendants' willful conduct;

3.    Preliminarily and permanently enjoin Defendants from any unauthorized use of Miracle-Ear's trademarks;

4.      Award Plaintiffs the costs and attorneys' fees incurred in this action;

and

5.      Grant any other relief the Court deems just and equitable.

## JURY DEMAND

Trial by jury is hereby demanded for all issues so triable.

Respectfully submitted, this 26th day of August, 2005.

**SUTHERLAND ASBILL &**                    **LEIGHTON B. DEMING, JR. P.C.**
**BRENNAN LLP**

_____          _____
Patricia B. Cunningham (GA # 202150)      Leighton B. Deming, Jr. (GA # 217575)
Erin C. Witkow (GA #141967)               2450 Atlanta Highway, Suite 1201
999 Peachtree Street, N.E.                Cumming, Georgia 30040
Atlanta, Georgia 30309                    Phone: (770) 886-9992
Telephone: (404) 853-8000                 Fax: (770) 886-9901
Facsimile:  (404) 853-8806

                                          **ATTORNEY FOR PLAINTIFF**
**ATTORNEYS FOR PLAINTIFF**               **J.K.L. HEARING CENTER, INC.**
**MIRACLE-EAR, INC.**

OF COUNSEL:
Cynthia Jokela Moyer (MN#211229)
Emily Duke (MN#249178)
Molly O'Brien Loussaert (MN#321230)
FREDRIKSON & BYRON, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN  55402-1425
Phone: (612) 492-7000
Fax: (612) 492-7077

#3162307\1

14

E
X
H
I
B
I
T

A

# Exhibit A

# LIMITED TIME - CALL NOW!

## We need 30 people with hearing loss to try new digital hearing aids!

This is a great opportunity to try quality Miracle-Ear hearing aids. The Miracle-Ear Clinic will let 30 people with hearing loss experience crystal clear digital sound. Call soon because we have to limit this offer to the first 30 people who contact us.

## CALL TODAY!
## 404-634-6361

Miracle-Ear

*This offer is limited to new patients who have never worn hearing aids before.*

DAN0626

---

# ↑FREE Evaluations To Be Given↓

| August 15ᵀᴴ | August 16ᵗʰ | August 17ᵗʰ |
| Monday | Tuesday | Wednesday |

### 9:00 a.m. - 6:00 p.m.
## Better Hearing Aid Service
## 2179 Lawrenceville Highway, Suite O
## Decatur, GA 30033
## 404-634-6361

These evaluations are for the purpose of amplification of hearing aids, and are not to be considered a medical diagnosis of hearing loss.

Please be sure to call ahead, to avoid waiting.
Bring a Spouse or a Friend for a Familiar Voice Test.

---

EXHIBIT

"A"

PENGAD 800-631-6989